In the Matter of the Claim of THOMAS MARTIN, Injured Employee, Claimant, against THE FIBRE CONDUIT COMPANY, Employer, and UNITED STATES FIDELITY AND GUARANTY COMPANY, Insurance Carrier, Respondents.

STATE INDUSTRIAL BOARD and INDUSTRIAL COMMISSIONER OF THE STATE OF NEW YORK, Respondents.

Third Department, September 27, 1939.

*John J. Bennett, Jr., Attorney-General* [*Joseph A. McLaughlin* and *Roy Wiedersum, Assistant Attorneys-General,* of counsel], for the State Industrial Board and Industrial Commissioner of the State of New York.

*William J. McArthur,* for the employer and insurance carrier.

*John M. Cullen,* representative of the Special Fund.

*Frederick Klaessig,* for the claimant.

CRAPSER, J.   On January 12, 1937, the claimant sustained an accidental injury to his left eye in the course of his regular employment.   A sliver of steel penetrated the globe of his left eye causing a total loss of vision in said eye.

The State Industrial Board awarded 160 weeks' permanent partial disability compensation to the claimant (twenty weeks at total rate and 140 weeks at partial rate but resulting in the same rate) for the total loss of vision of the left eye at a rate of thirteen dollars and thirty-four cents based upon an average weekly wage of twenty dollars and one cent.

Since the claimant was also temporarily totally disabled for forty-six weeks from the effects of the injury, twenty-six additional weeks for protracted temporary total disability was awarded at the rate of thirteen dollars and thirty-four cents in addition to the said award for 160 weeks, pursuant to the provisions of subdivision 4-a of section 15 of the Workmen's Compensation Law.

The aforementioned award for the total loss of vision of the left eye and protracted temporary total disability was accepted without objection by the employer, the Fibre Conduit Company, and its insurance carrier, the United States Fidelity and Guaranty Company, and the award unquestionably is being paid.

Prior to the injury on January 12, 1937, to the left eye, the claimant from childhood had been suffering congenital permanent industrial blindness in the right eye due to a non-accidental injury and caused by an opacity and central cataract.

Consequently the State Industrial Board has now concluded from the evidence and found that when the employer and insurance carrier have discharged their liabilities occasioned by the injury to the left eye, the claimant is entitled to special benefits for permanent total disability under the provisions of section 15, subdivision 8, of the Workmen's Compensation Law, payable from the Special Fund created by that subdivision.

A unique and novel question of law has arisen and is involved in the decision of the State Industrial Board, whether the Board has the power to order and direct payment to the claimant at the rate of fifteen dollars a week, which is the minimum rate for permanent total disability under the requirements of section 15, subdivision 6, of the Workmen's Compensation Law, where the claimant is entitled to an award for permanent total disability by virtue of the provisions of section 15, subdivision 8, of the Workmen's Compensation Law, but where the permanent partial disability award for the left eye was at a lesser rate.

The injury to the left eye occurred on January 12, 1937, and subdivision 8 of section 15 of the Workmen's Compensation Law read at that time as follows:

" 8. Permanent total disability after permanent partial disability. If an employee who has previously incurred permanent partial disability through the loss of one hand, one arm, one foot, one leg, or one eye, incurs permanent total disability through the loss of another member or organ, he shall be paid, in addition to the compensation for permanent partial disability provided in this section and after the cessation of the payments for the prescribed period of weeks special additional compensation during the continuance of such total disability to the amount of sixty-six and two-thirds per centum of the average weekly wage earned by him at the time the total permanent disability was incurred. In case an employee who has been awarded additional compensation under this subdivision shall subsequently establish an earning capacity by employment he shall be paid during the period of such employment, instead of the additional compensation above provided, two-thirds of the difference between his average weekly wages at the time the total disability was incurred and his wage earning capacity as determined by his actual earnings in such employment, subject to the limitations in subdivision six of this section. Such additional compensation shall be paid out of a special fund created for such purpose in the following manner: The employer, or if insured, his insurance carrier, shall pay into such special fund for every case of injury causing death in which there are no persons entitled to compensation the sum of five hundred dollars. The Commissioner of Taxation and Finance shall be the custodian of this special fund, and the Commissioner shall direct the distribution thereof."

Subdivision 6 of section 15 of the Workmen's Compensation Law read at the time of the aforesaid injury to the left eye as follows: " Maximum and minimum compensation for disability. Compensation for permanent or temporary partial disability, or for permanent or temporary total disability shall not exceed twenty-five dollars per week; nor be less than eight dollars per week; provided, however, that if the employee's wages at the time of injury are less than eight dollars per week, he shall receive his full weekly wages; further provided, that in each case of permanent total disability minimum compensation shall not be less than fifteen dollars per week, except that where the employee's wages at the time of injury are less than fifteen dollars per week, he shall receive his full weekly wages."

As outlined above, the average weekly wages of the claimant herein at the time of the 1937 injury was twenty dollars and one cent. Two-thirds of this amount equals the sum of thirteen dollars and thirty-four cents. The rate of the award for the permanent partial disability and protracted temporary total disability imposed against and being paid by the said employer and insurance carrier was the sum of thirteen dollars and thirty-four cents.

The prospective award now under consideration is for permanent total disability to be imposed against the Special Fund instituted by said subdivision 8 by reason of permanent total disability resulting from the loss of vision of the left eye by industrial accident and the loss of vision of the right eye from natural causes.

The principal factor involved in the present problem concerns the question whether in computing the rate the formula prescribed by subdivision 8 aforesaid, to wit, " sixty-six and two-thirds per centum of the average weekly wage " earned by the employee " at the time the total permanent disability was incurred," alone controls, or whether this formula is limited by the provisions of subdivision 6 of section 15 of the Workmen's Compensation Law, prescribing a minimum rate of fifteen dollars for permanent total disability.

Subdivision 8 of section 15 of the Workmen's Compensation Law is headed " Permanent Total Disability after Permanent Partial Disability," and provides for a payment of sixty-six and two-thirds of the average weekly wages earned by the claimant at the time the total permanent disability was incurred. It further provides that if the employee shall establish an earning capacity, by employment, he shall be paid during the period of such employment, instead of the additional compensation above provided, two-thirds of the difference between his average weekly wages at the time the total disability was incurred and his wage-earning capacity as determined by his actual earnings in such employment, subject to the limitations in subdivision 6 of this section.

Subdivision 6 provides that the minimum compensation shall not be less than fifteen dollars per week. Therefore, it is clear that it was the intention of the Legislature that subdivision 6 of section 15 and subdivision 8 of section 15 should be read together. That is, the Legislature has governed the amount of compensation under subdivision 8 of section 15 so that they cannot pay less than the minimum compensation provided by subdivision 6 of section 15.

The question certified by the State Industrial Board is as follows: " When an award is made under section 15, subdivision 8, of the Workmen's Compensation Law, must the special additional compensation provided thereunder be increased to the minimum of

fifteen dollars per week under subdivision 6 of section 15 of the Workmen's Compensation Law, when the prior compensation rate for permanent partial disability was paid at a lesser weekly rate?"

The question should be answered in the affirmative.

HILL, P. J., BLISS, HEFFERNAN and SCHENCK, JJ., concur.

Question certified by the Industrial Board is answered in the affirmative.